UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. _____

STEVIE P. LEE, and other similarly situated individuals,

        Plaintiff(s),

v.

ICON MANAGEMENT SERVICES, INC., SARASOTA NATIONAL MASTER ASSOCIATION, INC., and HRSMARTERIV, LLC,

        Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, STEVIE P. LEE ("Plaintiff") and other similarly situated individuals, sue the Defendant, ICON MANAGEMENT SERVICES, INC., SARASOTA NATIONAL MASTER ASSOCIATION, INC., and HRSMARTERIV, LLC (the "Defendants") and allege:

### JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages and retaliatory discharge under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### VENUE

3. Plaintiff is a resident of Greenacres, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.



www.saenzanderson.com

1

4. Defendants are Florida companies doing business within the jurisdiction of this Honorable Court. At all times material, Defendants are and were engaged in interstate commerce. Plaintiff worked for Defendants within the jurisdiction of this Honorable Court.

5. Defendants share common management, centralized control of labor relations, common offices and interrelated operations. Defendants are an integrated enterprise, or each defendant is an agent of the other defendants.

6. Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of all companies. Defendants are joint employers, or each defendant is an agent of the other defendants.

### COUNT I: WAGE AND HOUR VIOLATION BY DEFENDANTS (OVERTIME)

7. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

8. This action is brought by Plaintiff and those similarly situated to recover from the Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants operate as



www.saenzanderson.com

organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the combined annual gross revenue of the Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. Alternatively, each defendant's annual gross revenue was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements

11. By reason of the foregoing, the Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Defendants. The Defendants' business activities involve those to which the Act applies.

12. Defendant ICON MANAGEMENT SERVICES,INC. is a property management company providing services at the Sarasota National Golf Course.

13. Defendant SARASOTA NATIONAL MASTER ASSOCIATION, INC. is an association which manages the Sarasota National Golf Course.



www.saenzanderson.com

14. Defendant HRSMARTERIV, LLC is an employee leasing company providing services to Defendant SARASOTA NATIONAL MASTER ASSOCIATION, INC. and to Defendant ICON MANAGEMENT SERVICES, INC.

15. Defendant HRSMARTERIV, LLC specifically provides employees to work at the Sarasota National Golf Course.

16. Defendants, through their business activity, affect interstate commerce. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff was employed by the Defendants as a groundkeeper for the Defendants' business at the Sarasota National Golf Course.

17. While employed by the Defendants, Plaintiff worked approximately an average of 90 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed.

18. Specifically, if Plaintiff worked approximately 90 hours in any given week, he was paid his regular rate for the first 40 hours, then he was paid at time and one half for an additional 10 hours, but he was not paid any wages for hours worked after 50 per week. In essence, Plaintiff was not paid at all for approximately 40 hours of overtime.

19. Plaintiff was employed as a groundkeeper performing the same or similar duties as that of those other similarly situated groundkeepers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

20. Plaintiff worked for the Defendants from approximately April 15, 2019 through June 20, 2019. In total, Plaintiff worked approximately 9 compensable weeks under the Act, or 9 compensable weeks if we count 3 years back from the filing of the instant action.



21. The Defendants paid Plaintiff on average approximately $11 per hour.

22. However, the Defendants, as stated above, did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

23. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

24. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   a. **Actual Damages: $5,940**

      i. <u>Calculation</u>: $11 (hourly pay) x 1.5 (overtime rate) x 40 (approximate number of overtime hours) x 9 (compensable weeks) = $5,940

   b. **Liquidated Damages:** $5,940

   c. **Total Damages: $11,880** plus reasonable attorneys' fees and costs of suit.

25. At all times material hereto, the Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Defendants who are and who were subject to the unlawful payroll practices and procedures of the Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.



www.saenzanderson.com

26. The Defendants knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

27. The Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Defendants as set forth above.

28. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### JURY DEMAND



www.saenzanderson.com

6

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)
## RETALIATORY DISCHARGE

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

30. The Defendants willfully and intentionally refused to pay Plaintiff his legally owed overtime wages as required by the laws of the United States and remains owing Plaintiff these wages as set forth above.

31. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

32. Plaintiff complained about his unpaid overtime wages to the Defendants on multiple occasions up until the time of his termination.

33. On or about June 20, 2019, Plaintiff was terminated.

34. The motivating factors, which caused Plaintiff's discharge as described above, were the complaints seeking the payment of overtime wages from the Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

35. The Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that this Honorable Court:



www.saenzanderson.com

A. Enter a judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: August 21, 2020.

Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com

8