UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVIE P. LEE,

    Plaintiff,                                Case No. 8:20-cv-01948-T-35AAS

v.

ICON MANAGEMENT SERVICES,
INC., SARASOTA NATIONAL
MASTERASSOCIATION, INC.,
and HR SMARTERIV, LLC,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Stevie P. Lee ("Plaintiff") and Defendants ICON Management Services, Inc.; Sarasota National Master Association, Inc.; and HRSmarterIV, LLC ("Defendants") (collectively "the Parties") jointly request that this Court make a fairness finding approving the terms of the Parties' settlement agreement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement between the Parties is attached hereto as **Exhibit A**.

### I.    Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First 29 USC 216(c) of the FLSA allows employees to settle and waive their claims

1

under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release each of the Plaintiff's FLSA claims against the Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claim for violation of The Fair Labor Standards Act ("FLSA") and retaliation for claiming a violation of the FLSA. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed the Plaintiff's allegations, the applicability of defenses in light of Defendants' good faith conclusion that Plaintiff was paid properly and in full, and formulated their own proposed settlement figures. The Parties then engaged in detailed settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations.

## II.    Terms of Settlement

This case involved FLSA claims. The Plaintiff worked for Defendants, for approximately nine weeks, in the spring of 2020. Given the Parties' respective positions on the issue of factors Defendants used in determining pay, the Parties agree that they would incur great expense litigating this issue. Given the amount

claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendant, the Parties agree that $14,310.00 to Plaintiff is a fair compromise. As a result, the settlement agreed upon in this matter – total payment of $25,000.00, as full and final settlement of all wage claims inclusive of attorney's fees ($10,000.00) and litigation costs and expenses ($690.00) incurred, is fair and equitable under the teachings of *Lynn's Food Stores*. *See* Declaration and Billing Records attached hereto as **Exhibit B**. The attorney's fees and costs for the Plaintiff have been negotiated and will be paid separately from Plaintiff's total recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that counsel accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf with respect to the wage claims. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The Parties negotiated and settled Plaintiff's recovery and attorney's fees independently and in seriatim consistent with this Court's prior ruling in *Bonetti v. Embarq Mgmt. Co.*, 2009 U.S. Dist. Lexis 68075 (M.D. Fla. Aug.4, 2009).

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice with the Court retaining jurisdiction to enforce the terms of the settlement agreement. A copy of a proposed Order granting the instant motion is attached hereto as **Exhibit "C"**.

Respectfully submitted on this 4th day of March 2021.

| | |
|---|---|
| <u>/s/ Tanesha Walls Blye</u><br>Tanesha Walls Blye, Esq.<br>Florida Bar No. 0738158<br>tblye@saenzanderson.com<br>SAENZ & ANDERSON, PLLC<br>20900 NE 30th Avenue, Ste. 800<br>Aventura, Florida 33180<br>Telephone: (305) 503-5131<br>Facsimile: (305) 270-5549<br><br>*Attorneys for Plaintiff* | <u>/s/Andrew Froman</u><br>Andrew Froman, Esq.<br>Florida Bar No. 0019429<br>afroman@fisherphillips.com<br>FISHER & PHILLIPS, LLP<br>101 East Kennedy Blvd.<br>Suite 2350<br>Tampa, Florida 33602<br>Telephone: (813) 769-7500<br>Facsimile: (813) 769-7501<br><br>*Attorneys for Defendants* |